**In The**

**Court of Appeals**

**Ninth District of Texas at Beaumont**

_____

**NO. 09-24-00269-CR**
_____

**LARRY ALLEN COLEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCCR0886**
_____

**MEMORANDUM OPINION**

Appellant Larry Allen Coleman was charged with forging a financial instrument. *See* Tex. Penal Code Ann. § 32.21(d).[1] Although the offense charged is a state jail felony, Coleman's prior felony convictions enhanced his punishment to a second-degree felony with a penalty range of two to twenty years. *See id.*; *see also*

[1] Coleman is also known as Tim Jones.

1

Tex. Penal Code Ann. §§ 12.33 (Second Degree Felony Punishment); 12.425(c) (Penalties for Repeat and Habitual Offenders on Trial for State Jail Felony).

After electing to allow the jury to determine his sentence, Coleman pleaded guilty to the forgery charge, pleaded "true" to the six enhancement paragraphs, and did not contest the underlying facts of three additional charges pending against him at the time of trial. The jury assessed Coleman's sentence at twenty years imprisonment, and this appeal followed.

Coleman's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous; he also filed a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 3, 2025, we notified Appellant of his right to file a pro se brief and of the April 4, 2025 deadline for doing so, but we received no response from Appellant.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire appellate record and counsel's brief, and we agree with counsel's conclusion that no arguable issues support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for

2

reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

    AFFIRMED.

JAY WRIGHT
Justice

Submitted on May 6, 2025
Opinion Delivered May 21, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[2] Appellant may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.